## BOARD OF COMMISSIONERS OF DELAWARE COUNTY ET AL. *v.* THE FARMERS STATE BANK OF EATON ET AL.

[No. 16,008. Filed November 2, 1937. Rehearing denied December 16, 1937. Transfer denied March 1, 1938.]

*Corbett McClellan,* for appellants.

*White & Haymond* and *Pursley & Peterson,* for appellees.

DUDINE, J.—On the 9th day of January, 1936, appellee The Farmers State Bank of Eaton, Indiana, recovered a judgment against appellee Niles Township of Delaware County, Indiana, in the sum of $4,923.39 on three promissory notes given by said township to said bank for money borrowed during the year 1926 for use in the road fund of said township. Thereafter the bank filed a claim with appellant Gus August Meyers, auditor of said county, demanding payment of said judgment by said county.

Thereafter appellee bank instituted an action against appellants, the board of commissioners, the county council and the auditor of said county, and against Niles Township for a declaratory judgment to determine "whether or not the defendant Delaware County Council should appropriate out of the funds derived and to be derived by Delaware County from the state gasoline

tax and the state motor vehicle fees a sufficient sum to pay said judgment, interest and costs, and upon such appropriation whether or not the defendant, the Board of Commissioners of the County of Delaware, should allow a claim for payment of said judgment and whether or not upon allowance of such claim the defendant, Gus August Meyers, Auditor of Delaware County, should draw a warrant for payment of same or whether or not the defendant, Niles Township, should levy a tax for the payment of said judgment, and pay the same." (Quotation from prayer of complaint.)

The issues were formed by a complaint in one paragraph and answers in general denial. All the evidence was stipulated.

The cause having been submitted to the court for trial without a jury the court found among other things that said board of commissioners was liable for the payment of said judgment and that said payment should be made out of the "Gasoline Tax and Motor Vehicle License Funds" paid to said county by the State of Indiana.

The court found further:

"9. That said sum should be paid out of that portion of said funds allocated by the defendant, the Board of Commissioners, County of Delaware, State of Indiana, to Niles Township for the repair and maintenance of highways in said township. . . .

"10. That it is the positive duty and obligation of the Board of Commissioners to so allocate said funds to said Niles Township and to cause said claim of plaintiff to be allowed and said debt to be paid.

"11. That it is the duty of said defendant, Delaware County Council, to appropriate sufficient funds from the road funds of said county not otherwise appropriated to pay and discharge said debt, and it is the duty of the defendant, Gus August Meyers, as Auditor of Delaware County, Indiana, when said claim is allowed, to draw his proper warrant in payment of said claim."

The court rendered judgment in accordance with the finding.

This is an appeal from said judgment. The overruling of a motion for new trial is the sole error assigned. The causes for new trial stated in the motion therefor are that the decision is not sustained by sufficient evidence, and is contrary to law.

Appellant admits that by Sec. 1, chap. 39, Acts 1933 (p. 175) the board of county commissioners was *permitted* to pay said indebtedness of said township out of said "Gasoline Tax Fund," but appellant contends that under said Act the question whether or not the board *should* do that was left to the sound discretion of the board, and therefore the court's decision, which in effect mandated the board to pay said debt, was contrary to law.

We think the intention of the Legislature, with reference to such contention, is clearly expressed in said Act. There is no need for application of rules of construction except perhaps the rule that acts of the legislature should be construed as a whole, and that an amendatory act should be construed as part of the act which it amends. These rules are so elementary that a citation of authorities therefor would seem superfluous. Chap. 39, Acts 1933, *supra,* is an Act amending Sec. 4, chap. 16, Acts 1932 (p. 29).

Section 1 of said last mentioned act transferred the jurisdiction of all "township highways" from the township trustees of the several townships to the boards of commissioners of the respective counties.

Section 2 of said act incorporated the "township highways" in the respective county highway systems.

Section 3 thereof transferred the custody and possession of all funds, property, etc., belonging to the townships and used by them in the repair and maintenance

of "township highways" to the respective boards of county commissioners.

Section 4 thereof, as originally enacted, was as follows:

"Section 4. The highway funds of each township, so transferred to the board of county commissioners, shall be kept in separate funds, a fund being maintained for each township in the county, and shall be expended exclusively on the highways of the township in which such fund was originally raised, until expended. Thereafter the township highways so transferred to the county shall be maintained in the same manner as other county highways, and the cost of maintenance shall be paid from the same funds used in the maintenance, repair and preservation of other county highways."

Page 176, Section 1, chap. 39, Acts 1933, *supra*, amended said section 4 by adding thereto the following:

". . . If, at the time when the highway fund of any township is or shall have been transferred to the board of county commissioners, such township shall have incurred an indebtedness for the repair and maintenance of the highways of such township which is outstanding and unpaid, then and in that event the board of county commissioners is hereby authorized to pay and discharge such debt and the interest which shall have accrued thereon out of that portion of the county highway fund which is or may be allocated by the board of county commissioners for the repair and maintenance of the highways which are located in such township."

Sections one, two, three, and four of said act, as originally enacted, when considered together, clearly express the intention of the legislature to vest in the several boards of county commissioners jurisdiction of "township highways" and authority to repair and maintain them in the same manner as they maintain and repair other county highways.

Section four of said act provides in effect that the cost of maintenance of "township highways" so transferred to the counties shall be paid from the same funds

used in the maintenance, repair and preservation of other highways, except that if any given township had money in its highway fund, which was so transferred, such money should be expended exclusively on the highways of such township.

It was stipulated in evidence that the highway fund of Niles Township was exhausted when said Act of 1932 went into effect, and consequently no moneys were transferred from Niles Township to Delaware County, and said township does not come within the exception in Sec. 4, *supra,* above referred to. Therefore, insofar as Niles Township is concerned said Act of 1932 provided that the cost of repairing and maintaining the highways transferred from said township to Delaware County after such transfers "shall be paid from the same funds used in the maintenance, repair and preservation of other county highways." (Quotation from Sec. 4, *supra.*)

The funds used for the maintenance, repair and preservation of county highways, including all township highways transferred to the counties under said act, are "such funds as may be derived from the gasoline tax and the motor vehicle registration fees . . . which are paid to the several counties by the state as provided by law" and none other. (See Sec. 5, Chap. 16, Acts 1932, hereinafter set out.)

In *Bridges* v. *State ex rel. Vaughn* (1934), 208 Ind. 684, 193 N. E. 587, our Supreme Court discussed the "Gasoline Tax Law" (Acts 1923, p. 535, as amended by Acts 1925, p. 368, and by Acts 1932, p. 23), which law provides said funds for the maintenance, repair and preservation of all county highways, and the court held that county commissioners could pay county unit and township highway bonds with said funds. In that case the court said (p. 689) :

"The jurisdiction vested in the commissioners to

expend the proceeds of this fund (Gasoline Tax Fund) in the construction, maintenance, or repair of the public highways was unlimited by the legislature. We cannot read a limitation into the statute . . ."

The sentence added to sec. 4, *supra*, by amendment clearly expresses the legislature's intention to give to the respective boards of commissioners authority to expend said gasoline tax and motor vehicle registration funds for a purpose which had not been expressed in the original act of 1932, to wit: to pay and discharge debts of townships, incurred by townships for the repair and maintenance of its highways, which indebtedness was outstanding when jurisdiction of the township highways of such townships was transferred to the county commissioners under said original act.

To hold that said amendment provides that county commissioners *must* pay such debts of such townships out of such funds would be reading a limitation on the power vested in the commissioners, by the "Gasoline Tax Law" (*supra*), to expend the proceeds of said fund in the construction, maintenance or repair of public highways. That, our Supreme Court has said, in the Bridges case, *supra*, cannot be done.

It should be noted that in the Bridges case, *supra*, the Supreme Court held that a board of county commissioners *could* pay township road bonds with such funds but it did not have before it the question whether or not under said Chap. 16, Acts 1932, as amended by Chap. 39, Acts 1933, *supra*, county commissioners *must* pay such township road bonds out of such funds, and the court did not express its views on such question.

In oral argument appellee's counsel contended that since it was held by the Supreme Court in the Bridges case, *supra*, that such indebtedness of townships *could* be paid out of such funds under the "Gasoline Tax Law," *supra*, which law went into effect before Chap. 39, Acts

1933, *supra,* was enacted we must hold that the legislature intended by said act to do *more than permit* such an expenditure of funds; that to hold that the legislature merely intended thereby to *permit* such an expenditure would be holding that the legislature did a useless thing. A sufficient answer to said contention is the fact that the Bridges case, *supra,* was not decided by the Supreme Court until after Chap. 39, Acts 1933, went into effect.

Appellee further contends that Sec. 5 of said Act of 1932, when considered in conjunction with the Bridges case, *supra,* provides that county commissioners *must* pay such township indebtedness out of said funds.

That portion of sec. 5, p. 29, *supra,* relied upon by appellee is as follows:

> "Hereafter all expenses incurred in the maintenance, repair and preservation of county highways, including all township highways which are transferred to the counties and incorporated in the county highway system, as hereinbefore provided, shall be paid out of such funds as may be derived from the gasoline tax and motor vehicle registration fees and which are paid to the several counties by the state, as provided by law. . . ."

Appellee contends that by said language the legislature provided that from the effective date of the act all expenses, whether incurred before or after the passage of the act, should be paid out of the gasoline tax and motor vehicle registration fee fund of the county, and the Supreme Court held in the Bridges case, *supra,* that payment of such indebtedness is in fact payment of the expense of construction, maintenance, repair, or preservation, therefore said Act of 1932 as amended *requires* the payment of such indebtedness out of said fund.

We hold that said part of Sec. 5, *supra,* set forth above, when considered as part of said Act of 1932, is

not subject to the construction sought by appellee. We think the principal purpose of Sec. 5, *supra,* was to provide that "no tax shall be levied hereafter by any county in this state for the repair, maintenance or preservation of county highways, except by unanimous vote of the county council in a case of extraordinary emergency or indispensable necessity" (quotation from Sec. 5, *supra*), and to limit such expenses to the amount of "Gasoline Tax Funds" received by the counties. The language of Sec. 5, *supra,* does not indicate that the legislature intended that such debts incurred *before* the passage of the Act, should be paid out of said fund.

There being no dispute as to the facts in this case, no good purpose would be served by a re-trial. The judgment is reversed and the trial court is ordered to render judgment for appellants in accordance with this opinion.